UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

DARIAN GENE MYERS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA d/b/a
THE DEPARTMENT OF ARMY and
CHANDA ROGERS,

    Defendants.

Case No.

HON.

_____/

THOMAS R. BEHM (P40073)
MELISSA B. HEINZ (P85710)
Attorneys for Plaintiff
Gruel Mills Nims & Pylman PLLC
99 Monroe Avenue, N.W., Suite 800
Grand Rapids, MI 49503
(616) 235-5500

JERRY M. BEURKENS (P32602)
Co-Counsel for Plaintiff
Jerry M. Beurkens, P.C.
230 Fulton Street East
Grand Rapids, MI 49502
(616) 459-5344

_____/

## COMPLAINT

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE.

NOW COMES Plaintiff, by and through his attorneys, Gruel Mills Nims & Pylman, PLLC and for his Complaint states:

## PARTIES

1. At all relevant times, Plaintiff Darian Myers was a resident of Montcalm County, Michigan and brings this action against Defendants under the Federal Tort Claims Act, 28 U.S.C. 2671 *et seq.*

2. Defendant the United States of America is a named party pursuant to 28 U.S.C. § 2679.

3. Upon information and belief, Defendant Chanda Rogers, age 41, is a resident of Wayne County, Michigan.

4. The United States Department of the Army is a federal agency with bases around the country, including in Michigan.

## JURISDICTION

5. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as though fully restated herein.

6. United States District Courts have original jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1331 and 1346(b).

7. At all times relevant to this Complaint, Defendant Rogers was an employee in active duty with the United States Army Cadet Command & Fort Knox and U.S. Army Cadet Command and was acting in the course and scope of her federal employment by operating a government owned vehicle and making work-related deliveries within Montcalm, County, Michigan.

8. Defendant Rogers, by a negligent act or omission, caused property damages, personal injury or wrongful death, which under the law of the place of occurrence a private individual would be held liable under its negligence laws 28 U.S.C. §§ 1346(b), 2671 & 2674.

## VENUE

9. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as though fully restated herein.

10. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1402(b) as the Plaintiff resides within the Western District of Michigan and the action occurred within the Western District of Michigan.

11. The amount in controversy totals $1,504,000, exclusive of costs, interest, and attorney fees but not exceeding the damages entitled under the United States Code, and as submitted in the Amended Claim for Damage, Injury, or Death Standard Form-95, attached as **Exhibit 1**).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as though fully restated herein.

13. All administrative remedies have been exhausted as required by the Federal Tort Claims Act.

14. On June 28, 2020 plaintiff submitted an Administrative Tort Claim via Standard Form-95 which contained information sufficient to provide the proper agency context to conduct a proper investigation to determine liability, conduct settlement negotiations, and assign value to the claim and demanded a sum certain (SF-95, **Exhibit 2**).

15. On February 4, 2021, The Department of The Army, U.S. Army Combined Arms Center and Fort Leavenworth received plaintiff's Standard Form-95 claim notice (Letter from appropriate agency, **Exhibit 3**).

16. The claim was then forwarded to the Fort Knox, Kentucky claims office.

17. Defendant United States of America has failed to adjudicate plaintiff's claim and more than six months has elapsed since the claim was submitted despite plaintiff satisfying all conditions demanded by the Federal Tort Claims Act including the submission of the applicable police report and medical billings.

### NATURE OF THE ACTION

18. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as though fully restated herein.

19. This matter arises out of a serious automobile accident that occurred on June 11, 2020 at the intersection of Howard City-Elmore Road and Crystal Road in Montcalm, County, Michigan.

20. At approximately 2:45 p.m., plaintiff's 1998 Chevrolet S Truck was parked at the Spot Gas Station in Richland Township, Montcalm County, Michigan.

21. At that time, plaintiff was sitting in the driver's seat of the truck.

22. Also at approximately 2:45 p.m., defendant Chanda Rogers was traveling north bound on Crystal Road in a government owned vehicle, a 2016 Dodge Caravan.

23. Despite having a stop sign, defendant Rogers failed to yield to oncoming traffic on Howard City-Elmore Road and pulled directly in front of oncoming traffic.

24. Defendant Rogers' vehicle was T-boned by a 2016 Chevrolet Silverado pick up truck towing a power boat.

25. The force of the crash sent both involved vehicles into the north east corner of the intersection.

26. The government owned Caravan vehicle driven by defendant Rogers went over two curbs and violently hit plaintiff's parked truck at the Spot Gas Station.

## COUNT 1 - NEGLIGENCE

27. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as though fully restated herein.

28. The collision described above was proximately caused by the negligence of defendant Rogers in that:

   a. Defendant Rogers failed to maintain a proper lookout, keep proper observation, failed to maintain control of her vehicle, and otherwise failed to comply with the common-law duty to use reasonable and ordinary care under the circumstances then and there existing;

   b. Defendant Rogers disobeyed the instructions of a traffic control device, in violation of MCL §257.611(1), and disobeying a stop sign, in violation of MCL §256.671(3);

   c. Defendant Rogers drove without due care and caution and in such a manner as to endanger plaintiff and damage his property;

   d. Defendant Rogers at an intersection with a stop sign, failing to yield the right of way to a vehicle that has entered with intersection and/or an approaching vehicle that will be an immediate hazard during the time when a driver would be moving across or within the intersection, in violation of MCL §257.649(8);

   e. Defendant Rogers operated a motor vehicle in a reckless manner likely to endanger any person or property in violation of MCL §257.626; and

   f. Defendant Rogers operated a motor vehicle in a careless manner likely to endanger any person or property in violation of MCL §257.626b.

29. As a direct and proximate result of the negligence of defendant Rogers, both under common law and Michigan law, plaintiff Darian Myers suffered serious impairment of important body functions within the meaning of the No-Fault Act, MCL 500.3101 *et seq*. Specifically, plaintiff Darian Myers sustained several serious and permanent injuries, including but not limited to the following:

    a. Upper back, neck, right shoulder pain, numbness and tingling in the right arm, weakness in his right hand, and a loss of grip strength;

    b. Neck pain requiring multiple injections;

    c. Protrusion of the cervical intervertebral disc, cervical disk displacement with radiculopathy at C5-6, disk herniation on the right at C5-6 causing mild anterior thecal sac pressure and right sided nerve root irritation requiring multiple cervical epidurals, and a cord compression at C4-5 requiring a decompressive diskectomy at C4-6 with prosthetic disk displacement;

    d. Cervical strain;

    e. Right anterior superior labral tear requiring surgical intervention;

    f. Aggravation of degenerative conditions with his cervical spine;

    g. Whiplash;

    h. Mental anguish, past and future;

    i. Serious impairment of body function;

    j. Pain and suffering, past and future;

    k. Loss of recreational activities and the enjoyment of a normal life; and

    l. Other injuries and damages which will be determined through discovery.

## COUNT II - RESPONDEAT SUPERIOR AS TO DEFENDANT THE UNITED STATES OF AMERICA

30. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as though fully restated herein.

31. At all times relevant to this Complaint, defendant the United States of America was the owner of a 2016 Dodge Caravan minivan, Plate No. G41 1621S and VIN 2C4RDGBG3GR349507.

32. At all times relevant to this Complaint, defendant Rogers was an employee of defendant the United States of America and was operating the 2016 Dodge Caravan minivan described above with the express or implied consent or knowledge of defendant the United States of America in the course and scope of her employment.

33. Defendant the United States of America is liable for the negligence of its employees, agents, and ostensible agents, including defendant Rogers, through the doctrine of *respondeat superior*, for negligent acts or omissions undertaken during the course and scope of employment, agency, or ostensible agency.

## COUNT III - OWNERS LIABILITY ACT AS TO DEFENDANT THE UNITED STATES OF AMERICA

34. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as though fully restated herein.

35. The vehicle driven by defendant Rogers was owned by defendant the United States of America.

36. Upon information and belief, defendant the United States of America gave express or implied permission to defendant Rogers to drive its vehicle and is subject to the Owner's Liability Act pursuant MCL § 257.401.

WHEREFORE plaintiff requests that the Court enter a judgment on his behalf and against defendants in whatever amount the Court determines to be fair and reasonable as submitted, together with interest, costs and attorney fees as provided by law.

GRUEL MILLS NIMS & PYLMAN, PLLC

Dated: May 17, 2023

By: _____
Thomas R. Behm (P40073)
Melissa B. Heinz (P85710)
Attorneys for Plaintiff
Gruel Mills Nims & Pylman, PLLC
99 Monroe Avenue, NW, Suite 800
Grand Rapids, MI 49503
(616) 235-5500